POLLOCK and FARR, JJ, concur.

### N. Y. C. R. R. CO v STEVENS

Ohio Appeals, 6th Dist, Lucas Co
No 2446. Decided Dec 8, 1930

Doyle & Lewis, Toledo, for R. R. Co.

Fritsche, Kruse & Winchester, Toledo, for Stevens.

**LLOYD, J.**

The railroad company seeks a reversal of the judgment of the Court of Common Pleas, claiming in the brief of counsel that the court erred in refusing to direct a verdict in its favor and that in any event the verdict and judgment are manifestly against the weight of the evidence. In addition thereto, counsel for the company stated in argument that the trial judge erred in his charge to the jury, but did not point out or further suggest what particular portion thereof was erroneous. We are of the opinion that the evidence presented warranted the submission of the case to the jury, but that the verdict and judgment are manifestly against the weight of the evidence.

We have read the charge of the court to the jury, and since the case is to be remanded for a new trial, call attention incidentally to the portions thereof hereinafter quoted:

First:—"the plaintiff claims want of ordinary care on the part of the defendant in this case in the following particulars.

First: In failing to keep a proper lookout to ascertain the presence of plaintiff upon or near its track.

Second: In backing its engine noiselessly and smoothly on the track in question, without a light or employe on the back of same.

Third: In failing to give this plaintiff any kind or form of warning of the approach of its said engine, backing as aforesaid.

And the court now charges you as a matter of law that if you find that plaintiff was not a trespasser upon the tracks of the company at said time and place, but was upon said track at said time and place under the circumstances as set forth in plaintiff's petition and as heretofore described to you requiring the exercise of ordinary care by the defendant towards this plaintiff, then and in that event it was the duty of said company in the exercise of ordinary care; first, to keep a proper lookout under all the circumstances to ascertain the presence of plaintiff upon or near its tracks; second, in backing its engine to have a headlight attached to or an employe stationed on the back of same; and, third, to give a warning by bell, whistle or otherwise, of the approach of said engine backing as aforesaid; and its failure to so act towards the plaintiff in one or more of such particulars, proximately causing injury and damage to the plaintiff would constitute negligence."

Unless there is some positive provision of law applicable to the conditions existing in the instant case, which makes the failure to perform any of these enumerated duties negligence per se, the question of whether the railroad company was negligent should have been submitted to the jury. And we assume it to be unquestioned that an act or omission may constitute negligence without being the proximate cause of an injury. To create liability, two conditions must exist: first, negligence; and, second, the negligence must be the proximate cause of the injury.

Second:—"There is this further provision of the law, that although the defendant may be guilty of negligence, the plaintiff cannot recover if he himself was guilty of negligence causing his injury, or, in other words, if he is guilty of what is called contributory negligence; that is, if by his failure to exercise ordinary care and caution under the circumstances, he contributed to produce the injuries which he suffered."

The phrase "contributory negligence" has a well-defined legal significance, but it would seem that the jury should be told its meaning. It requires more than mere negligence to constitute contributory negligence. The term "contributory negligence" includes the element of proximate cause and is quite different from negligence which "contributed to produce the injuries which he suffered."

Third:—"And if you find that the plaintiff was walking along this railroad track of the defendant and failed to exercise the

care to watch out for his own safety that a reasonable man would ordinarily exercise under like circumstances, then you must find that he was negligent and your verdict must be for the defendant."

If again we may, we would suggest that ordinary care is that care which persons of ordinary care and prudence are accustomed to exercise under the same or similar circumstances, rather than the care which an individual would exercise, and that a finding that a plaintiff was negligent is not alone sufficient to warrant a verdict in favor of a defendant. There must be proximate causal connection between the negligence and the injury.

Nor may it be assumed, because a judgment is affirmed or reversed without comment on the charge of the trial judge, that the charge is in all respects correct. Noncomment thereon by a reviewing court may mean only that there is no prejudicial error therein.

For the reason that the verdict and judgment are manifestly against the weight of the evidence, the judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

WILLIAMS and RICHARDS, JJ, concur.